IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| RUSSELENE ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 05-1191-T-An |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

ORDER REVERSING AND REMANDING THE DECISION OF COMMISSIONER
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

Plaintiff has filed this action to obtain judicial review of Defendant Commissioner's final decision denying her application for supplemental security income under 42 U.S.C. §§ 1381a, 1382c(a). Plaintiff's application for benefits, filed on September 10, 2002, was denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on September 17, 2004.

On March 17, 2005, the ALJ issued a decision, finding that Plaintiff was not entitled to benefits. The appeals council affirmed the ALJ's decision. This decision became the Commissioner's final decision. Plaintiff then filed this action, requesting reversal of the Commissioner's decision. For the reasons set forth below, the decision of the Commissioner is REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g).

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g); Wyatt v. Secretary of Health and Human Servs., 974 F.2d 680, 683 (6th Cir. 1992); Cohen v. Secretary of Health and Human Servs., 964 F.2d 524, 528 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). Additionally, the court may remand the action under sentence four of § 405(g) and instruct the Commissioner to take additional evidence when the court finds that the Commissioner's determination is inadequately supported by the evidence.[1]

Plaintiff was born July 21, 1958 and has a high school diploma. Plaintiff alleged December 31, 2000, as the date of the onset of her disability. Prior to that date, she had

---

[1] Sentences four and six of 42 U.S.C. § 405(g) provide:

"[4] The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.... [6] The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency. See § 405(g) (sentence six); Melkonyan v. Sullivan, 501 U.S. 89, 99-100 (1991).

worked as sewer in the boot and shoe industry. Plaintiff stated in her application for benefits that she is disabled due to a nervous disorder and stomach problems.

In her decision, the ALJ enumerated the following findings: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability; (2) Plaintiff's anxiety disorder not otherwise specified and borderline intellectual functioning are considered "severe" based on the requirements in the Regulations, 20 C.F.R. §416.920(c); (3) Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulations No. 4; (4) Plaintiff's subjective complaints were not totally credible; (5) Plaintiff has the residual functional capacity to perform the requirements of work with no exertional limitations; however, due to her mental impairments, she is moderately limited in her ability to understand, remember and carry out detailed instructions, maintain attention and concentration for extended periods, perform activities with a schedule, maintain regular attendance and be punctual within customary tolerances, sustain an ordinary routine without special supervision, work in coordination with or proximity to others without being distracted by them, complete a normal workday and workweek without interruptions from psychologically based symptoms, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors and respond appropriately to changes in the work setting; (6) Plaintiff is able to perform her past relevant work as a laborer; (7) Plaintiff was not under a "disability" as defined in the Act at any time through the date of this decision.

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. Born v. Secretary of Health and Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Id.

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
>
> 2. An individual who does not have a severe impairment will not be found to be disabled.
>
> 3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.
>
> 4. An individual who can perform work that he has done in the past will not be found to be disabled.
>
> 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

Willbanks v. Secretary, 847 F.2d 301 (6th Cir. 1988). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20

C.F.R. § 404.1520(a). Here, the sequential analysis proceeded to the fourth step. The ALJ found that Plaintiff could perform her past relevant work.

Reversal and remand are appropriate in the present case because the factual issues have not been fully developed. See Faucher v. Secretary of H&HS, 17 F.3d 171 (6th Cir. 1994) (When factual findings are not supported by substantial evidence, "the appropriate remedy is not to award benefits. The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration.") As noted above, a claimant must proceed through the five step analysis set forth in 20 C.F.R. § 404.1520 in order to receive disability benefits. In the present case, the ALJ progressed to the fourth step.

The ALJ found that Plaintiff retains the residual functional capacity to perform work with no exertional limitations but is "moderately limited" in her ability in certain areas such as understanding, remembering, concentrating, and responding appropriately due to her mental limitations. R. 21. The ALJ based her decision that Plaintiff could perform her past relevant work, in part, on the fact that Plaintiff has a high school degree and can perform some daily activities. The ALJ also noted inconsistences in Plaintiff's psychological reports and IQ tests.

Although the record shows that Plaintiff has a high school degree, her school records indicate that her attainment of a degree may not reflect her actual ability. R. at 801-819. It is not clear from the record whether Plaintiff's contention that her school records were properly submitted to the Appeals Council but not considered is correct. On remand, the ALJ

is instructed to consider these school records in determining the extent of Plaintiff's mental limitations.

The record should also be clarified as to Plaintiff's IQ. There are several IQ tests in the record. The test administered by Dan Emerson, M.S., found a verbal score of 66, a performance score of 57, and a full scale score of 59. R. at 159. He noted that the "differences between the verbal and performance IQ scores are less than statistically significant." Id.

The test administered by Robert W. Kennon, Ph.D., found a verbal score of 67, a performance score of 76, and a full scale score of 69. R. at 758. The ALJ discounted Dr. Kennon's finding that Plaintiff functioned in the mild mental retardation range on the ground that the IQ scores supporting his finding were "not consistent with the claimant's education, work background, daily activities and earlier IQ scores provided by Dr. Emerson." R. at 20.

As for Plaintiff's education, as noted above, it is not clear that Plaintiff achieved an academic high school diploma. If, on remand, the ALJ determines that Plaintiff's high school diploma is not reflective on her actual mental functioning, then Dr. Kennon's finding should be reconsidered in light of this determination.

Additionally, the ALJ states that Plaintiff's activities of performing household chores, holding a valid driver's license, shopping, caring for a dog, talking on the phone with friends, and going to the nursing home to see her mother are not "consistent with a mentally retarded individual." R. at 20. The court is not convinced of this. On remand, the ALJ should seek

expert testimony as to whether a finding of mental retardation is precluded by Plaintiff's ability to perform the daily activities mentioned in the record.

The ALJ opined that Dr. Kennon's finding that Plaintiff cannot manage resources due to poor math skills is inconsistent with his finding that she can perform simple addition and subtraction. R. at 21. These two findings do not appear to the court to be necessarily inconsistent. However, further testing should be undertaken to resolve any inconsistencies.

The ALJ found that there were "clearly too many inconsistencies in the two reports [Dr. Kennon and Dr. Emerson's] to be able to distinguish which report reflects a more accurate reflection of the claimant's mental impairments and resultant limitations." R. at 21.[2] In light of the fact that the record clearly shows, and the ALJ determined, that the Plaintiff has mental limitations, further testing is warranted to determine the exact nature of those limitations.

The record reflects that some of Plaintiff's physical complaints may be "psychiatric in nature." R. at 14. The ALJ disregarded Plaintiff's psychiatric complaints because the records of Dr. Terry Harrison, Plaintiff's primary care physician, stated that Plaintiff had been advised that she needed a psychiatric evaluation but Plaintiff did not follow this advice. R. at 15. Additionally, there was some indication that Plaintiff was not taking all her medicine. Id. On remand, the ALJ should explore whether Plaintiff is capable of obtaining

---

[2] Although it is the role of the ALJ and not the court to resolve conflicts in the evidence, see, e.g., Bradley v. Commissioner, 862 F.2d 1224 (6th Cir.), when two medical reports appear to be inconsistent concerning a major issue such as the extent of Plaintiff's mental limitations, the ALJ should obtain further evidence to reconcile the inconsistencies, rather than merely discounting both reports.

a psychiatric evaluation on her own and whether she is capable of monitoring her own medicine usage in light of her mental limitations. If necessary, a psychiatric evaluation should be arranged for Plaintiff.

In summary, on remand, the ALJ should seek additional evidence as to the extent and exact nature of Plaintiff's mental limitations and the effect that those limitations have on her ability to work. For all these reasons, the decision of the Commissioner is REVERSED, and the action is REMANDED for further factfinding pursuant to sentence four of 42 U.S.C. § 405(g). The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

                **s/James D. Todd**
                JAMES D. TODD
                UNITED STATES DISTRICT JUDGE